**Ann K. WILSON, Plaintiff,**

v.

**INSTITUTE FOR BUSINESS PLANNING, INC., a corporation, Defendant.**

**Civ. A. No. 18361.**

United States District Court
W. D. Pennsylvania.
April 20, 1960.

---

Ralph S. Davis, Jr., Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

William C. Walker, Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This matter comes before the court on defendant's motion to dismiss the complaint for the reason that it is not doing business in Pennsylvania and, therefore, is not subject to service of process by registered mail via the Secretary of the Commonwealth.

The sole question is whether the activities of defendant are sufficient to constitute the "doing of business" within the Commonwealth of Pennsylvania.[1]

Reference to Pennsylvania authorities as to what constitutes the "doing of business" are of little aid, since these decisions were decided prior to the recent statute which greatly liberalized the requirements for "doing business" for purposes of effectuating service of process.

In an extended hearing it was developed that one George R. Archbold is engaged in selling financial and business programs in behalf of defendant to attorneys, banks, life underwriters, and similar enterprises. Defendant's headquarters is located in New York City. It has no office in Pennsylvania, nor is it listed in any Pennsylvania telephone directory. Nevertheless, defendant has assigned an exclusive territory to Archbold encompassing thirty-three counties within the confines of Pennsylvania. Archbold maintains an office in his home in Pittsburgh, has his own calling card, and is paid on a commission basis. He is required to contact each client at least twice a year. Any contract which he sells is not effective until approved by the New York Office, which has occasionally refused to approve such contracts for credit reasons. Payments are made directly to the New York Office. Withholding taxes and social security payments are made in behalf of Archbold by the New York Office.

Defendant contends that the circumstances of this case are controlled by Swavely v. Vandegrift, 397 Pa. 281, which affirmed a decision of the Court of Common Pleas of Bucks County and is printed in its entirety at 154 A.2d 779. This decision rendered pursuant to Section 1011, subd. C of the Business Corporation Act would undoubtedly control the disposition of this case if the facts were parallel.

The Swavely case, however, adverts to independent distributors who worked a specified territory and were not subject to the control and supervision of the corporation. The instant case, to the contrary, involves the conduct and activity on the part of an agent who is closely under the corporation's supervision which specified rigid controls and requirements in the solicitation of business in behalf of defendant.

I am satisfied that a series of acts for the purpose of realizing pecuniary benefit were conducted in Pennsylvania by defendant through its agent and employee as to render it subject to the purview of the Business Corporation Act, as amended. This circuit has recognized that the execution of two contracts would be sufficient to be deemed such acts, Florio v. Powder Power Tool Corporation, 3 Cir., 248 F.2d 367.

Motion to dismiss will be refused.

An appropriate order is entered.

---

[1]. We are governed by amendment to the Business Corporation Law Act of 1951, approved November 10, 1959, Section 1011, subd. C; 15 P.S. § 2852–1011, subd. C.

"For the purposes of this section, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose with the intention of thereby initiating a series of such acts, shall constitute 'doing business'."